UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KEVIN PAUL SANDGREN,

        Plaintiff,

        v.                                                  Case No. 25-cv-0640-bhl

DOUGLAS COLLINS,

        Defendant.

## SCREENING ORDER

On May 1, 2025, Plaintiff Kevin Paul Sandgren, proceeding without an attorney, filed another complaint against Douglas Collins, Secretary of the Department of Veterans Affairs (VA), alleging that the VA violated federal law when it refused to hire him.[1] (ECF No. 1.) Sandgren has also filed a motion for leave to proceed without prepayment of the filing fee or *in forma pauperis* (IFP), (ECF No. 2), a "request" that no motions for dismissal or summary judgment be filed until a "first conference hearing," (ECF No. 4), and a "motion to change judge," (ECF No. 5). This Order will resolve the pending motions and screen Sandgren's complaint.

### IFP MOTION

The Court has authority to allow a plaintiff to proceed IFP upon the submission of an affidavit that identifies the plaintiff's assets and allows the Court to find that the plaintiff is unable to pay the filing fee. *See* 28 U.S.C. § 1915(a)(1). Sandgren's IFP application includes information about his finances and is signed under penalty of perjury, satisfying the first IFP requirement. *See id.*; (ECF No. 2 at 4). He represents that he is unmarried, with one adult child in college, and is employed with a $4,000 monthly salary. (ECF No. 2 at 1–2.) Sandgren lists monthly expenses totaling $3,700 ($1,200 rent; $500 car payment; $1,000 credit card payment; and $1,000 other household expenses). (*Id.* at 2–3.) He indicates that he has $100 in cash or accounts and no other

---

[1] Sandgren has previously filed two identical complaints in this Court, Case Nos. 23-cv-923-nj and 24-cv-1523-bhl. The first case was dismissed without prejudice because Sandgren had not exhausted administrative remedies and the the second for failure to serve.

assets. (*Id.* at 3–4.) Sandgren also complains that he "shouldn't have to pay a second time" because he paid the filing fee in his previous case, which the Court dismissed for lack of service. (*Id.* at 4.)

On these facts, the Court will deny Sandgren's IFP motion because he is not indigent. While a plaintiff need not show that he is totally destitute to establish indigence, *Zaun v. Dobbin*, 628 F.2d 990, 992 (7th Cir. 1980), the Court's authority to grant IFP motions "is reserved to the many truly impoverished litigants who . . . would remain without legal remedy if such privilege were not afforded to them," *Brewster v. N. Am. Van Lines, Inc.*, 461 F.2d 649, 651 (7th Cir. 1972). Sandgren's monthly income exceeds his stated monthly expenses by $300 and puts him outside the "truly impoverished" litigants for whom IFP status is intended and reserved. Indeed, he is in significantly better financial condition than many litigants in this Court and has the financial resources to facilitate payment of the filing fee. His dissatisfaction with the dismissal of his prior complaint is not a basis to avoid paying the fee for this latest case.

## SCREENING THE COMPLAINT

The IFP statute also requires the Court to dismiss a case at any time if it determines that the plaintiff's allegations of poverty are "untrue" or if the action is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2). Accordingly, after evaluating a *pro se* plaintiff's IFP request, the Court must screen the complaint to ensure the case should be allowed to move forward. In screening a *pro se* complaint, the Court applies the liberal pleading standards embraced by the Federal Rules of Civil Procedure. To survive screening, the complaint must comply with the Federal Rules and state at least plausible claims for which relief may be granted. To state a cognizable claim, a plaintiff is required to provide a "short and plain statement of the claim showing that [she] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "[T]he tenet that a court must accept as true all of the allegations contained in a

complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted). If the complaint fails to allege sufficient facts to state a claim on which relief may be granted, it must be dismissed. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018 (7th Cir. 2013).

## ALLEGATIONS

Sandgren alleges that he has applied to work at the VA in Milwaukee approximately twenty times. (ECF No. 1 at 3.) On December 21, 2021, he received an email stating that his application for a VA position was sent to the hiring manager, and he would be interviewed on February 9, 2022. (*Id.*) Sandgren subsequently received an email stating that he did not get the job, despite never being interviewed. (*Id.*) He contacted the VA and, on February 12, 2022, received a reply from Human Resources (HR) informing him, "with attitude," that the VA had no need to interview him because of a temporary policy of "direct hire" due to COVID. (*Id.*)

Sandgren is roughly 60 years old, is a military veteran, and has a "severe learning disability." (*Id.* at 3.) He alleges that "someone at the [VA]" switched his application so that he didn't get the job and both that individual and an HR representative he spoke with discriminated against him because of his disability, age, and military status. (*Id.*) According to Sandgren, he did not get "points" on his application for his disability or for being a military veteran. (*Id.* at 4.) And he alleges that the VA hired a younger, less qualified individual for the job who did not have his experience with heating, ventilation, air conditioning, and refrigeration (HVACR), although he admits the individual "has that fancy college degree." (*Id.* at 3–4.)

After the VA refused to hire him, Sandgren spoke with a VA lawyer and then contacted an EEO counselor, who agreed to investigate his case. (*Id.*) Sandgren asks the Court to order the VA to change "the way they interview and hire," and requests compensatory and punitive damages totaling $12.2 million.

# ANALYSIS

Sandgren does not specify which federal law he believes the VA has violated, but his allegations that the VA refused to hire him based on his age and disability potentially implicate several statutes, including the Rehabilitation Act of 1973, 29 U.S.C. §701 *et seq.*, and the Age Discrimination in Employment Act of 1967 (ADEA), 29 U.S.C. §621 *et seq.* Accordingly, the Court will allow him to proceed with claims under both statutes.

Sandgren's other requests for relief will be denied. Sandgren's request that no dispositive motions be filed until he receives a hearing is denied because he is not entitled to that relief. Sandren's case will follow the same procedures as all civil cases filed in this Court. The Court will treat Sandgren's "motion to change judge" as a motion for recusal under 28 U.S.C. §455. Sandgren asks for a different judge because he disagrees with the Court's decision dismissing his prior case (24-cv-1523-bhl). (ECF No. 5 at 1.) The motion is denied because a party's disagreement with a judge's ruling is not a proper basis for recusal. *See Liteky v. United States*, 510 U.S. 540, 555 (1994) (a judge's rulings "alone almost never constitute a valid basis" for recusal).

Accordingly,

**IT IS HEREBY ORDERED** that Sandgren's motion for leave to proceed without prepayment of the filing fee, ECF No. 2, is **DENIED**. Sandgren is ordered to pay the full filing fee within 21 days of the date of this order, or this case will be dismissed.

**IT IS FURTHER ORDERED** that Sandgren's Request for No Motion for Dismissal, ECF No. 4, and Motion to Change Judge, ECF No. 5, are **DENIED**.

Dated at Milwaukee, Wisconsin on May 9, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge