UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

KEVIN PAUL SANDGREN,

        Plaintiff,

        v.                                Case No. 25-cv-0640-bhl

DOUGLAS COLLINS,

        Defendant.

## ORDER DENYING MOTION FOR RECONSIDERATION

        On May 1, 2025, Plaintiff Kevin Paul Sandgren, proceeding without an attorney, filed a complaint in this case against Douglas Collins, Secretary of the Department of Veterans Affairs (VA), alleging that the VA violated federal law when it refused to hire him. (ECF No. 1.) Sandgren has also made a series of other filings, including a motion for leave to proceed without prepayment of the filing fee or *in forma pauperis* (IFP), a "request" that no motions for dismissal or summary judgment be filed until a "first conference hearing," and a "motion to change judge." (ECF Nos. 2, 4, & 5.) On May 9, 2025, the Court entered a screening order, rejecting Sandgren's request for a fee waiver, but allowing him to proceed with claims under the Rehabilitation Act of 1973 and the Age Discrimination in Employment Act of 1967. (ECF No. 6.) The Court denied Sandgren's other motions, explaining that he was not entitled to dispensation from the procedures that apply to all civil cases filed in this Court and rejecting his request to change the assigned judge because he had provided no grounds for recusal.[1] (*Id.* at 4.)

        On May 20, 2025, Sandgren filed a letter asking the Court to reconsider its denials of his IFP motion and two other motions. (ECF No. 7.) Because Sandgren has provided no grounds for relief from the Court's Order, his motion will be denied. The Court has already twice explained to Sandgren why he is not entitled to a change of judge or to dispensation from the Court's

---

[1] This is not Sandgren's first attempt to pursue these claims. He previously filed two identical complaints, Case Nos. 23-cv-923-nj and 24-cv-1523-bhl, both of which were dismissed without prejudice on procedural grounds. In one of those cases, he also filed nearly identical motions, which the Court also denied. (*Sandgren v. Dep't of Veteran Affs.*, No. 24-cv-1523-bhl, ECF Nos. 10–11, 14.)

procedural rules and will not do so again. And Sandgren has provided no cause to reconsider the Court's finding that he is not indigent.

The Court will briefly address two additional contentions Sandgren raises concerning the Screening Order. Sandgren correctly notes that the Court incorrectly described his complaint as seeking a total of $12.2 million in damages when he actually seeks $22.2 million. (*See* ECF No. 1 at 6; ECF No. 6 at 3.) This typographical error is immaterial. A plaintiff is entitled to all damages that he can prove, regardless of whether he pleads the category or amount of those damages. *See Avitia v. Metro. Club of Chi., Inc.*, 49 F.3d 1219, 1226 (7th Cir. 1995). The Court's typo is not grounds for recusal or any other relief. Sandgren also takes issue with the Court's interpretation of his claim for disability discrimination under the Rehabilitation Act, arguing that he intended to bring a claim under the Americans with Disabilities Act of 1990 (ADA). (ECF No. 7 at 1.) As the Court noted at screening, Sandgren's complaint does not identify *any* federal laws. (ECF No. 6 at 4.) The Court interpreted his allegations under the Rehabilitation Act because that statue prohibits disability discrimination in hiring by federal agencies. *See Tyler v. Runyon*, 70 F.3d 458, 460 (7th Cir. 1995). To the extent Sandgren wishes he had alleged an ADA claim, the Court notes that the ADA does not apply to federal agencies, like the VA. *See Dyrek v. Garvey*, 334 F.3d 590, 597 n.3 (7th Cir. 2003) (citing 42 U.S.C. §12111(5)(B)).

Accordingly,

**IT IS HEREBY ORDERED** that Sandgren's correspondence, which the Court interprets as a Motion for Reconsideration, ECF No. 7, is **DENIED**.

Dated at Milwaukee, Wisconsin on June 3, 2025.

s/ *Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge